PER CURIAM:
 

 Michael Let Williams was convicted of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. Williams timely appeals his sentence and the district court's denial of pretrial motions to dismiss the indictment and to suppress evidence. We affirm.
 

 I.
 

 While surveilling Terminal One at the Los Angeles International Airport, Los An-geles Police Department Detective Ray Martin learned from DEA agent Brian Warmuck that a confidential informant had provided a tip that two individuals would be entering Terminal One carrying cocaine. Subsequently, the behavior of two individuals, whom he later learned were Williams and his codefendant, Beard, caught Detective Martin’s attention. Williams and Beard were continuously looking around the terminal as they waited in line at the America West ticket counter. Beard made eye contact with Martin and quickly glanced away. The two continued to watch Martin, until he began to walk in their direction. At that point, Beard and Williams picked up their luggage, left the line and walked to a bank of pay telephones.
 

 Detective Martin, who was joined by Los Angeles Police Department Detective Michael Farrant, then approached Beard and Williams. According to Williams, the detectives immediately asked them to face the wall with their hands above their heads. Williams testified he was not told he was free to leave nor was he asked whether his bags could be searched. Williams stated he could hear the detectives searching his luggage and heard one of them exclaim: “I got it.”
 

 The detectives, on the other hand, testified they informed Williams he was not under arrest, was free to leave and was under no obligation to speak to them. According to the detectives, Detective Farrant asked for identification and questioned Williams as to why he had left the ticket line. He then asked permission to search Williams’ luggage and Williams agreed. Agent Warmuck, who had joined the detectives, searched the luggage and found 211 grams of cocaine base. Williams was arrested and indicted for conspiracy and possession of cocaine with intent to distribute.
 

 Williams moved to dismiss the indictment on the grounds that Agent Warmuck had lied to the grand jury. A juror asked Agent Warmuck what had led the detectives to surveil Williams. Tr. 240. Agent Warmuck responded that the surveillance was based on Detective Martin’s twenty-year experience in drug enforcement and Williams’ suspicious behavior in the terminal and in the ticket line. He intentionally omitted that a tip had been obtained from a confidential informant. Warmuck testified before the district court that he concealed this information for two reasons: (1) he believed it was necessary to protect the identity of the undercover informant, and (2) the informant’s tip was irrelevant because, once consent was obtained, the existence of probable cause to search was not an issue.
 

 The district court denied the motion to dismiss, finding no bad faith on the part of the government and no prejudice to the defendant. The district court also denied Williams’ motion to suppress the cocaine
 
 *1135
 
 found in the search of his luggage, finding Williams lacked credibility and the search was conducted pursuant to a valid consent.
 

 Williams was convicted of possession with intent to distribute and acquitted of conspiracy. His eodefendant, Beard was acquitted of both charges. After trial, Williams sought reconsideration of the suppression motion. The district court, considering it on the merits, denied the motion.
 

 At sentencing, Williams moved for a downward departure on the basis of government misconduct before the grand jury. He also argued a departure was appropriate because the enhanced penalty for possession of cocaine base as opposed to cocaine powder violated the Equal Protection Clause. The district court ruled there was no basis for a departure on either ground.
 

 II.
 
 Refusal to Dismiss the Indictment
 

 We review
 
 de novo
 
 a district court’s refusal to dismiss an indictment for prosecutorial misconduct.
 
 United States v. Spillone,
 
 879 F.2d 514, 520 (9th Cir.1989).
 

 Appellant argues the presentation of perjured testimony to the grand jury requires us to exercise our “supervisory powers” and dismiss the indictment on the ground of outrageous government conduct. While it is unclear whether the Supreme Court’s recent decision in
 
 United States v. Williams,
 
 — U.S. —, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992), has cut back our power to dismiss an indictment where perjured testimony has been presented to the grand jury,
 
 see United States v. Sitton,
 
 968 F.2d 947, 953 (9th Cir.1992), we need not address that question here.
 
 [1]
 
 Williams is not entitled to relief even under the prevailing standard in this circuit.
 

 “If the perjured testimony is not material to the guilt or innocence of the accused, its presentation to the grand jury is necessarily harmless and does not require reversal of a conviction or dismissal of the indictment.”
 
 Sitton,
 
 968 F.2d at 954;
 
 see also Bank of Nova Scotia v. United States,
 
 487 U.S. 250, 256, 108 S.Ct. 2369, 2374, 101 L.Ed.2d 228 (1988). Here, the indictment was based primarily on a finding that Williams was in possession of a suitcase containing 211 grams of cocaine base. It is unlikely the grand jury would have refused to indict had the agent advised it of the basis for his surveillance. Information relating to the informant’s tip would have only added to the inculpatory evidence already presented to the grand jury. Accordingly, the agent’s failure to fully answer the grand juror’s question bore only on his credibility and was not relevant to Williams’ guilt or innocence. Dismissal of the indictment is not appropriate “when a witness’ alleged perjury is not material to the defendant’s indictment and instead affects only the witness’ credibility.”
 
 Spillone,
 
 879 F.2d at 524.
 

 III.
 
 Consent to Search
 

 Whether a defendant consented to a search is a question of fact reviewed for clear error.
 
 United States v. Hunt,
 
 893 F.2d 1028, 1032 (9th Cir.1990). “When findings are based on determinations regarding the credibility of witnesses, great deference is given to the trial court’s findings.”
 
 United States v. Sealey,
 
 830 F.2d 1028, 1032 (9th Cir.1987).
 

 Here, the district judge specifically found that Williams had lied concerning certain of the events leading up to the search. For example, Williams testified he left the ticket line because he saw on the airport monitor that he had missed his flight. The government established at trial, however, that the flight was not scheduled to depart until after the events at issue took place. On the other hand, the district court found the detectives unusually credible, “a cut above the ordinary.”
 
 *1136
 
 The trial court’s refusal to credit Williams’ testimony over that of the detectives was not clear error.
 

 IV.
 
 Downward Departure for Government Misconduct
 

 We review
 
 de novo
 
 a district court’s determination that it lacked discretion to depart from the sentencing guidelines.
 
 United States v. Reyes-Alvarado,
 
 963 F.2d 1184, 1189 (9th Cir.1992).
 

 The question presented is whether a government agent’s perjury before the grand jury is a basis for a downward departure from the applicable guideline range on the grounds of government misconduct. A departure from the guidelines is permissible where “the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines....” 18 U.S.C. § 3553(b). Nevertheless, we have not permitted departures based on circumstances that neither bear on “the offense in question, nor ... speak to the offender’s character.”
 
 See United States v. Alvarez-Cardenas,
 
 902 F.2d 734, 737 (9th Cir.1990). The Court of Appeals for the First Circuit has specifically held that perjury in the grand jury is not a basis for a downward departure because it does not relate to the “offense or the offender” and is based solely on a “perceived need to reprimand the government.”
 
 United States v. Valencia-Lucena,
 
 925 F.2d 506, 515 (1st Cir.1991). We agree.
 

 In determining whether a circumstance relates to the offense or the offender, we are guided by the purposes of a sentence. The Sentencing Reform Act directs a court to “impose a sentence sufficient, but not greater than necessary, to comply with ... the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner....” 18 U.S.C. § 3553(a)(2). Here the only purpose of a departure would be to deter government misconduct, a purpose having no relation to goals of the Sentencing Reform Act.
 

 V.
 
 Equal Protection Claim
 

 Williams’ claim that the distinction between cocaine base and powder cocaine in sentencing violates the Equal Protection Clause is controlled by our recent decision in
 
 United States v. Harding,
 
 971 F.2d 410 (9th Cir.1992), upholding the constitutionality of 21 U.S.C. § 841(b)(1)(A)(iii).
 

 CONCLUSION
 

 The decision of the district court denying Williams’ motions to suppress, to dismiss the indictment and to depart from the sentencing guidelines is affirmed.
 

 [1]
 

 . The Supreme Court declared in
 
 Williams
 
 that courts may not use their supervisory powers "as a means of
 
 prescribing ...
 
 standards of prosecu-torial conduct in the first instance." — U.S. at -, 112 S.Ct. at 1742 (emphasis in original). Rather, supervisory power can be used to dismiss an indictment only where misconduct before a grand jury "amounts to a violation of one of those ‘few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury’s functions.”’
 
 Id.
 
 at -, 112 S.Ct., at 1741 (quoting
 
 United States v. Mechanik,
 
 475 U.S. 66, 74, 106 S.Ct. 938, 943, 89 L.Ed.2d 50 (1986) (O'Connor, J., concurring)).