988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cardett Eureka HERVEY, a/k/a Cardett Morgan, Defendant-Appellant.
 No. 91-50004.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-89-0828-CBM-1; Consuelo B. Marshall, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cardett Eureka Hervey appeals his conviction and sentence following a bench trial for distribution of cocaine base (Count 1) and possession with intent to distribute cocaine base (Count 2) in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 Counsel for Hervey filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified no meritorious issues for review. Hervey filed a pro se supplemental brief raising the following allegations of error: (1) application of 21 U.S.C. § 841(b)(1)(A)(iii) and U.S.S.G. § 2D1.1 violates the equal protection clause because these provisions treat sellers of cocaine base more harshly than sellers of cocaine; (2) he was denied effective assistance of counsel because trial counsel failed to investigate why Hervey was charged in federal rather than state court; (3) the evidence was insufficient to sustain his conviction on Count 1, distribution of cocaine base; and (4) the district court erred by failing to make required findings of fact and conclusions of law regarding Hervey's motion to suppress incriminating statements relating to the allegations contained in Count 2, possession with intent to distribute cocaine base.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part with instructions. We also deny counsel's request to withdraw.
 
 
 4
 * Equal Protection
 
 
 5
 Hervey contends that application of 21 U.S.C. § 841(b)(1)(A)(iii) and U.S.S.G. § 2D1.1 violates equal protection because these provisions treat sellers of cocaine base more harshly than sellers of cocaine. Our recent decision in United States v. Harding, 971 F.2d 410, 414 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S. Jan. 11, 1993) (No. 92-6799), has foreclosed this line of argument. See also United States v. Williams, 978 F.2d 1133, 1136 (9th Cir.1992).
 
 II
 Ineffective Assistance of Counsel
 
 6
 Hervey contends that he was denied effective assistance of counsel because his counsel failed to investigate why Hervey was charged in federal rather than state court.
 
 
 7
 Generally, we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here.
 
 
 8
 In order to establish a violation of due process in the referral of a case from state to federal prosecutors, the defendant must prove that the referral rested on an impermissible basis such as "race, religion, gender, or similar suspect characteristics." United States v. Nance, 962 F.2d 860, 865 (9th Cir.1992). The record here is not sufficiently developed for us to assess whether defense counsel investigated this possibility and simply decided for strategic reasons not to raise the issue before the district court.
 
 III
 Sufficiency of the Evidence
 
 9
 Hervey contends the evidence was insufficient to sustain his conviction on Count 1, distribution of cocaine base. This contention lacks merit.
 
 
 10
 Hervey waived this issue on appeal because he failed to raise it below. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). Where, as here, the appellant has failed to preserve the issue, we review only to "prevent a 'manifest miscarriage of justice.' " Id. (quoting United States v. Smith, 924 F.2d 889, 894 (9th Cir.1991)) (internal quotation omitted). No such error is present here.
 
 
 11
 Drug Enforcement Administration Agent Joel Jordan testified at trial that he had engaged in a direct purchase of rock cocaine from a person identified as "Cardett" on the evening of February 12, 1989. Agent Jordan positively identified Hervey in court as the individual from whom he had purchased the cocaine on that evening. Hervey argues that the 17 months which elapsed between the time of that sale and the date of Agent Jordan's testimony in the instant case made Agent Jordan's identification testimony suspect.
 
 
 12
 Hervey's argument essentially reduces to a challenge to the credibility of Agent Jordan, the government's sole witness against him on this count. "Credibility determinations, however, are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034 and 489 U.S. 1029 (1989).
 
 
 13
 Accordingly, we do not find a "manifest miscarriage of justice" in Hervey's conviction for distribution of cocaine. See Reyes-Alvarado, 963 F.2d at 1188.
 
 IV
 Motion to Suppress
 
 14
 Hervey also contends the district court erred by failing to comply with Fed.R.Crim.P. 12(e) when it did not state on the record its findings of fact regarding Hervey's motion to suppress incriminating post-arrest statements. The statements Hervey sought to suppress related only to the conduct charged in Count 2, possession with intent to distribute rock cocaine.
 
 
 15
 Pursuant to an agreement between Hervey and the government, the suppression motion was heard at the same time as the presentation of evidence during the court trial. The government contends that Hervey waived his right to specific findings of fact on the motion to suppress when he executed a written "Waiver of Trial by Jury and Waiver of Special Findings of Fact (Rule 23[a] and [c] FRCP)."
 
 
 16
 Rule 12(e) requires that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Fed.R.Crim.P. 23(c) provides:
 
 
 17
 In a case tried without a jury the court shall make a general finding and shall in addition, on request made before the general finding, find the facts specially. Such findings may be oral. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein.
 
 
 18
 The government argues that because there was no separate hearing on the motion to suppress, the motion to suppress and the court trial were inextricably intertwined and this relieved the district court of the necessity of making the findings required by Rule 12(e). We have found no legal support for the government's proposition and the government provides none. Rule 12(e) contemplates that in some circumstances, pre-trial motions may be "deferred for determination at the trial of the general issue or until after verdict," but nonetheless requires that "the court shall state its essential findings on the record."
 
 
 19
 The waiver executed by Hervey applies only to the findings of fact required at trial by Rule 23(c). There is no indication that Hervey intended to waive either a ruling on his motion to suppress or the factual findings required by Rule 12(e).
 
 
 20
 The record does not reflect that any ruling regarding the motion to suppress was ever made, nor were any findings of fact entered. Because the great weight of inculpatory evidence offered at trial was contained in the incriminating post-arrest statements Hervey sought to suppress, we are unable to hold that erroneous admission of these statements was harmless beyond a reasonable doubt. See Commonwealth of the Northern Mariana Islands v. Mendiola, 976 F.2d 475, 486 (9th Cir.1992) (admission of coerced confession not harmless beyond a reasonable doubt).
 
 
 21
 Accordingly, we reverse the conviction on Count 2 only and remand to the district court with instructions to rule on Hervey's motion to suppress and to enter the factual findings required by Rule 12(e). In all other respects, we affirm the judgment and conviction of the district court.
 
 
 22
 Because we reverse and remand this case, counsel's request to withdraw is denied. We also deny counsel's motion for immediate payment of the Criminal Justice Act voucher.
 
 
 23
 AFFIRMED IN PART, REVERSED and REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Following review of the record on appeal, we discern no other possible issues for appeal