UNITED STATES of America, Appellee,

v.

Michael Dale JANIS, Appellant.

No. 95–2120.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 6, 1995.

Decided Nov. 13, 1995.

Patricia Anne Meyers, Rapid City, South Dakota, for appellant.

Mary Poulos Thorstenson, Rapid City, South Dakota (Karen E. Schreier United States Attorney, on the brief), for appellee.

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

Michael Dale Janis challenges the 24-month sentence imposed by the district court[1] after he pleaded guilty to assaulting a woman on the Pine Ridge Indian Reservation, in violation of 18 U.S.C. §§ 1153 and 113(f). We affirm.

Janis sought a downward departure based on his "excellent" employment record and his obligation to support his children, citing *United States v. Big Crow*, 898 F.2d 1326 (8th Cir.1990). He also asked the district court to depart because the Assistant United States Attorney (AUSA) had threatened on the eve of trial to file an additional charge against Janis unless he pleaded guilty, and because the probation officer who prepared his presentence report had noted, in response to his downward-departure request, that an additional sentencing enhancement might be justified. The district court denied Janis's request.

■ We cannot review the district court's refusal to depart downward based on the *Big Crow* factors that Janis relied on, because the court clearly recognized its authority to depart but exercised its discretion not to do

so. *See United States v. Parham,* 16 F.3d 844, 847 (8th Cir.1994).

■ We conclude that Janis's argument that the district court should have considered the actions of the AUSA and the probation officer as additional bases for departure is without merit. Without addressing whether the AUSA's and probation officer's actions were improper, their actions followed Janis's criminal conduct and thus had no relationship to his culpability. A district court cannot depart where the only purpose of the departure is to deter government misconduct. *See United States v. Gomez-Villa,* 59 F.3d 1199, 1202–03 (11th Cir.1995) (per curiam), *pet. for cert. filed,* (Sept. 18, 1995) (No. 95–6028); *United States v. Pacheco-Osuna,* 23 F.3d 269, 272–73 (9th Cir.1994); *United States v. Valencia-Lucena,* 925 F.2d 506, 515 (1st Cir. 1991). Consequently, the district court did not err in not departing on the grounds of alleged government misconduct.

Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.