78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Panfilo ZAVALA-ANGULO, Defendant-Appellant.
 No. 95-35562.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Panfilo Zavala-Angulo appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Zavala-Angulo contends the district court erred by denying his motion because: (1) his counsel was ineffective; (2) the court should have granted him leave for discovery and appointed counsel to assist him with his ineffective assistance claim; (3) he was entitled to a downward departure; and (4) the court incorrectly calculated his criminal history category. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's denial of Zavala-Angulo's § 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 Ineffective Assistance of Counsel
 1. Mitigating Information
 
 3
 Zavala-Angulo contends that his counsel was ineffective because he failed to conduct an investigation that could have revealed mitigating information that the court could have considered in determining his sentence.
 
 
 4
 A claim of ineffective assistance requires a showing that counsel's performance was deficient and that counsel's deficient performance prejudiced the defendant. See Strickland v. Washington, 466 U.S. 668, 687 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See id. at 697.
 
 
 5
 A court may grant a downward departure where there exists a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission...." See 18 U.S.C. § 3553(b) (1989); United States v. Pacheco-Osuna, 23 F.3d 269, 271 (9th Cir.1994). The Sentencing Guidelines take into account the role that specific characteristics of a defendant may play in sentencing, and state that these characteristics are usually not relevant to a court's sentencing determination. See U.S.S.G. §§ 5H1.1-5H1.6 (discussing relevance of age, education, mental condition, physical condition, previous employment and family ties); United States v. Anders, 956 F.2d 907, 910-11 (9th Cir.1992), cert. denied, 507 U.S. 987 (1983). A combination of factors, however, may amount to an "atypical case" justifying a downward departure. See Anders, 956 F.2d at 910-11.
 
 
 6
 Here, Zavala-Angulo has failed to allege any facts that would show that his is an atypical case justifying a downward departure. See Anders, 956 F.2d at 910-11. Thus, Zavala-Angulo has failed to demonstrate how he was prejudiced by any failure on the part of his counsel to investigate and present mitigating information. See Strickland, 466 U.S. at 697; Anders, 956 F.2d at 910-11.
 
 2. Substantial Assistance Motion
 
 7
 Zavala-Angulo contends that counsel's failure to investigate led to the government's decision not to file a substantial assistance motion.
 
 
 8
 It is solely within the government's discretion to file a motion seeking a downward departure if the government believes that a defendant has provided "substantial assistance in the investigation or prosecution of another person who has committed an offense...." See U.S.S.G. § 5K1.1; see also Wade v. United States, 504 U.S. 181, 184 (1992). Because the government's decision to file a substantial assistance motion is unrelated to counsel's conduct, Zavala-Angulo has failed to show what sort of investigation counsel could have performed that would have affected the government's discretionary decision not to file a substantial assistance motion, and his ineffective assistance claim fails for lack of prejudice. See Wade, 504 U.S. at 184; Strickland, 466 U.S. at 697.
 
 3. Discovery and Appointment of Counsel
 
 9
 Zavala-Angulo contends that he is entitled to relief under § 2255 because the district court should have granted him leave for discovery and appointed counsel to assist him with has ineffective assistance of counsel claim.
 
 
 10
 We review for an abuse of discretion a district court's discovery rulings and its decision regarding the appointment of counsel. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987); United States v. Michaels, 796 F.2d 1112, 1115 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987).
 
 
 11
 Here, Zavala-Angulo has not shown how discovery or the appointment of counsel would have helped his ineffective assistance contentions. Therefore, the district court did not abuse its discretion by denying discovery and appointment of counsel. See LaMere, 827 F.2d at 626; Michaels, 796 F.2d at 1115. Sentencing Claims
 
 1. Downward Departure
 
 12
 Zavala-Angulo contends that based upon various personal characteristics, he was entitled to a downward departure. A district court's discretionary decision not to depart downward from the Sentencing Guidelines is not subject to review on appeal. See United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994).
 
 
 13
 Here, Zavala-Angulo presented information regarding his age, health, and level of intelligence, yet the district court, within its discretion, did not grant him a downward departure, and we will not review its decision. See id.
 
 2. Criminal History Category
 
 14
 Zavala-Angulo contends that the district court incorrectly calculated his criminal history category because the court erroneously determined that he was a career offender.
 
 
 15
 "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.
 
 
 16
 Here, Zavala-Angulo was at least eighteen years of age at the time he committed the instant offenses, which were controlled substance offenses, and he had been previously convicted for transporting and importing heroin and for heroin possession for sale. Because Zavala-Angulo met the requirements for being sentenced as a career offender, the court correctly computed Zavala-Angulo's criminal history category. See U.S.S.G. § 4B1.1.
 
 
 17
 Based on our review of the record, Zavala-Angulo is not entitled to relief under § 2255. See Frazer, 18 F.3d at 781.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3