119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zachary WESTBROOK, Defendant-Appellant.
 No. 96-50679.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. PT-96-00008-JNK; Judith N. Keep, Chief Judge, Presiding.
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Zachary Westbrook appeals his 18-month sentence imposed by the district court following revocation of his term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error, see United States v. Lomayaoma, 86 F.3d 142, 146 (9th Cir.), cert. denied, 117 S.Ct. 272 (1996), and we affirm.
 
 
 3
 Westbrook contends that the district court erred in revoking his supervised release because it improperly admitted hearsay statements by eyewitnesses and rejected the contrary testimony of those witnesses. This contention lacks merit.
 
 
 4
 In order to revoke a defendant's term of supervised release, the government must prove by a preponderance of the evidence that the defendant violated a condition of supervised release. See 18 U.S.C. § 3583(e)(3) (1994); Lomayaoma, 86 F.3d at 146. The Federal Rules of Evidence do not apply at revocation hearings, and reliable hearsay may be admitted if the infringement of the defendant's right to confrontation is outweighed by the government's good cause for introducing the evidence. See United States v. Walker, No. 96-50420, slip op. 7469, 7476-77 (9th Cir. June 27, 1997).
 
 
 5
 At the revocation hearing, Westbrook's ex-wife, Linda Westbrook, and her fiance, James Solliday, the only eyewitnesses to testify, recanted their statements to the arresting officer, Officer Hart, that Westbrook had attacked Solliday with a tire iron. The district court admitted Officer Hart's testimony regarding the witnesses' hearsay statements and a written statement by Linda Westbrook that Westbrook attacked Solliday, and relied on that hearsay at the expense of the witnesses' testimony. The district court properly admitted this hearsay evidence because the declarants were present in court and subject to cross-examination and therefore Westbrook's confrontation right was not infringed. See California v. Green, 399 U.S. 149, 162 (1970); Walker, No. 96-50420, slip op. 7469, 7476-77; cf. United States v. Huckins, 53 F.3d 276, 279 (9th Cir.1995) (hearsay admissible at sentencing if it has minimal indicia of reliability). Having properly admitted the hearsay evidence, the district court did not clearly err by finding it more credible than the contrary testimony of the eyewitnesses. First, the district court specifically found that the witnesses' testimony lacked credibility. See United States v. Williams, 978 F.2d 1133, 1135 (9th Cir.1992) (district court's credibility determination afforded "great deference" on review). Second, the testimony rejected by the district court was riddled with inconsistencies, while the hearsay statements upon which the district court relied were corroborated by Westbrook's post-arrest admission and Officer Hart's observations of the victim's injuries at the crime scene.
 
 
 6
 Officer Hart's testimony established by a preponderance of the evidence that Westbrook committed a Grade A violation of the conditions of his supervised release. See Cal.Penal Code § 245(a) (West 1988); U.S.S.G. § 7Bl.1(a)(1). Accordingly, the district court did not clearly err by revoking Westbrook's term of supervised release and imposing an 18-month term of imprisonment. See U.S.S.G. § 7B1.4, p.s. (1995).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3