119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Armando GODINEZ, aka Perico, Defendant-Appellant.
 No. 96-50213.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1997
July 22, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CR 95-00825 JMI; James M. Ideman, District Judge, Presiding.
 
 
 2
 Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Armando Godinez appeals his conviction for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and his sentence under 21 U.S.C. § 841(b)(1)(A)(iii) (West Supp.1997) and U.S.S.G. § 2D1.1 (1995). Godinez also appeals the denial of his motion for discovery based upon a theory of selective and vindictive prosecution on the basis of race. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 5
 We review a district court's denial of discovery relating to selective prosecution for an abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.1992). Godinez failed to meet the standard for the granting of a discovery motion regarding selective prosecution articulated by United States v. Armstrong, --- U.S. ----, 116 S.Ct. 1480, 1487 (1996). Armstrong requires that a claimant must "demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.' To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." Id. at 1487 (citations omitted).
 
 
 6
 Godinez provided no evidence that similarly situated individuals of a different race, arrested for the sale of 50 or more grams of rock cocaine, are escaping federal prosecution, and he provided no evidence that the decision to prosecute him was motivated by a discriminatory purpose. Under Armstrong, it was not an abuse of discretion for the district court to deny Godinez's discovery motion. We therefore affirm the district court's denial of his motion for discovery regarding selective prosecution.
 
 
 7
 Godinez makes two other claims on appeal: 1) that the "cocaine base" at issue in this case is not the same substance that Congress had in mind when it prohibited the distribution and sale of "cocaine base"; 2) that sentencing him under § 841(b)(1)(A) is an unconstitutional violation of due process and equal protection because powder cocaine and rock cocaine are chemically indistinguishable.[1] We review challenges to the constitutionality of criminal statutes de novo. United States v. Harding, 971 F.2d 410, 412 (9th Cir.1992). The interpretation of the term "cocaine base" in 21 U.S.C. § 841(b) and U.S.S.G. § 2D1.1 is a question of law, reviewed de novo. United States v. Shaw, 936 F.2d 412, 414 (9th Cir.1991).
 
 
 8
 Godinez claims that he pled guilty to the sale of 53.7 grams of rock cocaine that was 63% pure and that 63% purity contraband is not "cocaine base" within the meaning of 21 U.S.C. § 841(b)(1)(A)(iii) or U.S.S.G. § 2D1.1 because they prohibit only the sale of "very pure" cocaine base. In Shaw, 936 F.2d at 416, we rejected a challenge to 21 U.S.C. § 841(b) that attempted to limit the legal definition of cocaine base to a cocaine compound that contains a hydroxylion,[2] and instead held that "Congress and the Commission must have intended the term 'cocaine base' to include 'crack,' or rock cocaine,' which we understand to mean cocaine that can be smoked, unlike cocaine hydrochloride." By this definition, which makes no reference to the purity of the cocaine at issue, Godinez was properly sentenced under the "cocaine base" provision. Additionally, the statute expressly contemplates less than pure cocaine base by referring to a "mixture or substance" which contains cocaine base. 21 U.S.C. § 841(b)(1)(A)(iii).
 
 
 9
 Godinez challenges the sentencing statute and the relevant guidelines as unconstitutionally vague and a violation of equal protection. He argues that powder cocaine and rock cocaine are chemically indistinguishable and that the statute and guidelines are therefore void for vagueness and provide an arbitrary basis for vastly disparate sentences. We have already rejected Godinez's argument that the distinction between cocaine and cocaine base must be a scientific one. See United States v. Jackson, 84 F.3d 1154, 1161 & n. 6 (9th Cir.1996) ("we are not bound to construe the statute as if it were a chemistry text"; "We follow only Shaw's holding that the 'correct definition of cocaine base ... as a matter of statutory interpretation' is grounded in congressional intent, and not in chemistry.") Instead, we have concluded that § 841(b) draws a sufficient legal distinction between "cocaine" and "cocaine base." See Jackson, 84 F.3d at 1161 (emphasis added).
 
 
 10
 We have also rejected Godinez's void for vagueness argument. United States v. Davis, 36 F.3d 1424, 1434 (9th Cir.1994), holds that neither the statute nor the relevant sentencing guidelines are unconstitutionally vague because the substances they denominate are objectively distinguishable from powder cocaine. Because the distinction is clear, we concluded that § 841(a)(1) defines "the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Id. (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983) (internal quotations omitted)); see also Shaw, 936 F.2d at 416; United States v. Van Hawkins, 899 F.2d 852, 854 (9th Cir.1990).
 
 
 11
 Finally, we have already rejected Godinez's equal protection argument, that the disparity in sentencing is irrational. In Harding, 971 F.2d at 413, we explained:
 
 
 12
 Congress's decision to punish the sale of crack more severely than the sale of powder cocaine was based on a broad and legitimate basis. Although crack and powder cocaine are different forms of the same drug, the routes of administration, their physiological and psychological effects, and the manner in which they are sold set the two forms of the drug apart.
 
 
 13
 See also Jackson, 84 F.3d at 1161; United States v. Williams, 978 F.2d 1133, 1136 (9th Cir.1992).
 
 
 14
 We affirm the denial of the discovery motion regarding selective prosecution. We affirm Godinez's conviction under 21 U.S.C. § 841(a)(1) and his sentence under 21 U.S.C. § 841(b)(1)(A)(iii) and U.S.S.G. § 2D1.1.
 
 AFFIRMED
 
 
 **
 Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the government's argument that Godinez waived his right to raise these issues on appeal because he did not raise them to the district court. While it is true that this is the general rule, the panel may make an exception when there has been plain error and an injustice might otherwise result. See Fed.R.Crim.P. 52; United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983); see also United States v. Olano, 507 U.S. 725, 736 (1993) (plain error is invoked to prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process)
 
 
 [2]
 A cocaine compound containing a hydroxylion (OH-) would be a "base" as that term is used in chemistry. Shaw, 936 F.2d at 415