**Jimmie O. BEASLEY, Jr.,
Petitioner–Appellant,**

**v.**

**Terry STEWART, Respondent–Appellee.**

**No. 00–15721.
D.C. No. 97–340–WDB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Jimmie O. Beasley, Jr., appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his guilty plea conviction for attempted molestation of a child and sexual conduct with a minor. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's decision to deny a habeas petition. *See Lockhart v. Terhune*, 250 F.3d 1223, 1228 (9th Cir.2001). Because the Antiterrorism and Effective Death Penalty Act (AEDPA) governs Beasley's case, we may grant habeas relief only if the state court's decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

▮ Beasley contends that the State breached the written terms of his plea agreement when, at the change of plea hearing, the prosecutor orally agreed that the victim would recommend the presump-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36-3 may provide.

tive rather than the aggravated sentence (i.e., the minimum as opposed to the maximum sentence). In fact, at the change of plea hearing Beasley's counsel explained that it was "[his] understanding that the victim [would] recommend the presumptive, the minimum sentence in count four." To which the prosecutor responded, "[m]y indication is it's okay if the Court gives the presumptive." The victim, however, recommended imposition of the aggravated sentence, to which the state court obliged.

 A promise that induces a plea "must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (recognizing that despite the fact that plea bargains are a matter of criminal jurisprudence, a plea bargain is essentially a contract, and therefore should be measured by contract-law standards); *see also United States v. Pacheco–Osuna*, 23 F.3d 269, 271 (9th Cir. 1994). In order to determine whether a plea agreement has been breached, we therefore consider what the defendant reasonably understood to be the terms of the agreement when he entered his plea. *See United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979). Fundamentally, we look first to the terms of the agreement; if they have a clear and unambiguous meaning, then no extrinsic evidence is considered. *See United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.2000).

The plea agreement here is noticeably devoid of any provision with respect to any sentencing recommendation by the victim. Moreover, the plea agreement provides that

> this written plea agreement contains all the terms and conditions of this plea agreement; and the Defendant understands that any promises made by any-

one, including his/her lawyer, that are not contained within this written plea agreement, are without force and effect, and are null and void.

The foregoing language sets forth nothing with respect to a victim's recommendation or for the effect of such a recommendation at sentencing. Accordingly, the agreement was not breached. *See United States v. Quan*, 789 F.2d 711, 714 (9th Cir.1986) (concluding no breach where government abided by express terms of plea agreement).

AFFIRMED.