**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Delbert CRUZ, Defendant—Appellant.**

No. 03–10286.

D.C. No. CR–99–00586–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nathan D. Leonardo, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

David Tiers, Tucson, AZ, for Defendant–Appellant.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM**

Delbert Cruz appeals the district court's revocation of his probation and imposition of a thirty-six month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. Cruz contends that the district court erred in admitting hearsay evidence in violation of his Sixth Amendment right to confrontation. We review *de novo* whether the denial of an opportunity to confront a witness violated Cruz's due process rights at the revocation hearing, *see United States v. Havier,* 155 F.3d 1090, 1092 (9th Cir. 1998), and we affirm.

Cruz contends that the district court improperly admitted the statement that on the night in question, a neighbor had heard a fight between Cruz and the alleged victim. However, the record demonstrates that the district court properly applied a balancing test between Cruz's right to confrontation and the government's witness unavailability submission before admitting into evidence this undisputed hearsay statement. *See United States v. Comito,* 177 F.3d 1166, 1170 (9th Cir.1999). The admission did not violate Cruz's right of confrontation. *See United States v. Martin,* 984 F.2d 308, 311 ("[t]he more significant particular evidence is to a

finding, the more important it is that the [probationer] be given an opportunity to demonstrate that the proffered evidence does not reflect verified fact"). Moreover, even without the challenged hearsay statement, the other evidence presented at the revocation hearing supports the district court's determination that Cruz committed a violation of his probation. *See United States v. Williams,* 978 F.2d 1133, 1135 (9th Cir.1992) (district court's credibility determination afforded "great deference" on review).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.