NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-969 |
| Plaintiff - Appellee, | D.C. No. 4:05-cr-00806-JSW-1 |
| v. | |
| ALIJANDRO JONES, AKA Alejandro Jones, AKA Quincy Jones, AKA Lucifer, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court for the
Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 16, 2024**

Before:    SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Alijandro Jones appeals from the district court's judgment and challenges

the 60-month sentence imposed upon the revocation of supervised release.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jones contends that the district court was unfairly predisposed to revoke his supervised release. He points to instances during a status conference in which the court referred to minor witnesses as "victims" as evidence of its "pre-evidentiary hearing bias" against him. However, recognizing it misspoke, the court clarified that whether the minor witnesses qualified as victims was yet to be determined. Moreover, although Jones believes there were "glaring inconsistencies" in witnesses' testimonies, he has not shown clear error in the district court's credibility determinations, which were made after the court considered all of the testimony and exhibits presented. *See United States v. Williams*, 978 F.2d 1133, 1135-36 (9th Cir. 1992) (the district court's credibility determinations are given "great deference" on review). On this record, the district court did not abuse its discretion in finding that Jones had committed the alleged violations. *See United States v. Hilger*, 728 F.3d 947, 951 (9th Cir. 2013).

Jones also argues that the sentence is "excessive." The district court did not abuse its discretion, however, in selecting the within-Guidelines sentence, which is substantively reasonable in light of the applicable sentencing factors and the totality of the circumstances. *See* 18 U.S.C. § 3583(e); *Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**