Peter JOVANOVICH and Julienne Jovanovich, his wife, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

No. 85–4409.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1987.

Decided April 1, 1987.

Wade J. Dahood, Anaconda, Mont., for plaintiffs-appellees.

Michael E. Robinson, Marc P. Richman, Richard K. Willard, Bryan H. Dunbar, Washington, D.C., for defendant-appellant.

Before GOODWIN, SCHROEDER and FARRIS, Circuit Judges.

SCHROEDER, Circuit Judge:

The United States Government appeals from an adverse judgment in a tort claims action. We must affirm, for the issues raised on appeal were not raised in the trial court and cannot provide any basis for reversal.

Peter Jovanovich was seriously injured while he was attempting to service a United States Air Force Minuteman missile container during rail transportation. Jovanovich was an employee of the Burlington Northern Railroad, to which the Air Force had consigned the missile for shipment.

The missile was encased in a special container with an environmental control unit designed to keep the missile within its temperature tolerance. The Air Force consignment to the railroad required the railroad to service the container with oil and gasoline at least every twenty-four hours. The government provided no instructions for this servicing.

The accident occurred when the train carrying the missile stopped at the Silver Bow Interchange in Montana. Jovanovich was attempting to gain access to the oil compartment. He climbed onto a narrow walkway on the side of the unit. Other than a pipe located high up on the unit, there were no safety rails or handholds. He lost his footing and fell, receiving a serious injury.

Jovanovich sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (1982), for negligent failure to provide safety equipment or instructions for servicing the missile container. The United States filed a third-party complaint against the Burlington Northern Railroad alleging that the railroad's negligence in failing to provide instructions was the cause of the plaintiff's injuries.

The railroad, however, had already settled with Jovanovich and executed what is commonly known as a *"Pierringer* release," after the seminal case approving its use, *Pierringer v. Hoger,* 21 Wis.2d 182, 124 N.W.2d 106 (1963). In return for $153,000, Jovanovich released all of his claims against the Burlington Northern and agreed to indemnify the railroad against any claims that might be asserted against it by the United States. The agreement contemplated the plaintiff's pursuit of his remaining claim against the non-settling defendant, the United States.

The railroad moved for summary judgment based upon the release, pointing out that in a jurisdiction like Montana that apportions damages on the basis of fault, there was no need for the settling defendant to remain in the case. The factfinder at trial could impose liability upon the non-settling defendant for that portion of the damages attributable to it. The government did not oppose the summary judgment, and the court dismissed the railroad from the case. The appropriateness of the dismissal or of the *Pierringer* release has never been questioned.

Pursuant to stipulation of the plaintiff and the United States, the matter went to trial before a magistrate. The magistrate

concluded that the United States was negligent by failing to place handholds on the side of the unit, and by failing to provide warnings either to the plaintiff or to the railroad about the proper method to service the unit. The magistrate also found that the plaintiff was not at all contributorily negligent. The judgment imposed a total of approximately $600,000 in damages against the government, representing an award for medical expenses, pain and suffering, and loss of past and future earning capacity to Jovanovich, and for loss of consortium to his wife.

The government raises two issues on appeal. The first is that the district court erred in assessing damages against the government alone and failing to make a proportionate allocation of fault and damages between the government and the railroad as contemplated by the *Pierringer* release. The second is that the court erred in failing to deduct income taxes from the award for lost earnings.

The government, however, raises both issues for the first time on appeal. It never argued either issue to the court during trial. Nor did it request a finding with respect to either issue after trial. It offered no objection to the findings of fact and conclusions of law after the court entered them.

The district court record is totally silent with regard to the government's position on income tax. As to the government's position on the railroad's negligence, the pretrial order contains a cryptic statement that the defendant "will reaffirm during the trial the settled law concerning … [t]he [r]ailroad's perringer [sic] type release." The government apparently did not do so. The thrust of the government's position on appeal is that the magistrate, sua sponte, should have entered findings concerning the degree of the railroad's fault and the amount of taxes the plaintiff would pay on earnings.

Rule 46 of the Federal Rules of Civil Procedure clearly provides that in order to complain later of conduct of the district court, a party should, "make[ ] known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor." The government is held to the same standards as any other party in this regard. *See United States v. Lewiston Lime Co.,* 466 F.2d 1358, 1359 (9th Cir.1972); *United States v. Hudspeth,* 384 F.2d 683, 687 (9th Cir.1967).

We have permitted only narrow and discretionary exceptions to the general rule against considering issues for the first time on appeal. They are (1) when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change in law raises a new issue while an appeal is pending, and (3) when the issue is purely one of law. *See Bolker v. Commissioner of Internal Revenue,* 760 F.2d 1039, 1042 (9th Cir.1985) (rejecting a government appeal on grounds not raised below). None of these exceptions are applicable in this case.

Since the government points to nothing in the factual record before the magistrate which would support the reductions of the judgment that it now seeks, no miscarriage of justice threatens. The issues as to both comparative fault and income tax are unaffected by any intervening developments of the law. They are not purely issues of law. The question of proportionate fault is predominantly factual. With respect to income tax reduction, our past decisions reflect that the government should raise the issue in the district court. In *United States v. Standard Oil Company of California,* 495 F.2d 911, 918 (9th Cir.1974), we said:

> The United States now for the first time maintains that the awards are an unwarranted windfall to the families of the deceased because the court failed to make greater allocations for personal living expenses, failed to deduct federal or state taxes, and failed to reduce their awards to their present value. The short answer to these contentions is that we will not reverse the trial court on issues that the record shows were never raised before it.

(Citing *Walker v. Continental Life & Accident Co.,* 445 F.2d 1072, 1075 (9th Cir.

1971); *Union Pacific R.R. v. Johnson*, 249 F.2d 674, 677 (9th Cir.1957).)

We do not fault the individual efforts of the government appellate attorney to advocate diligently positions which had no viable basis in the record. We do criticize the institutional process which gave rise to the appeal in the first instance.

The judgment of the district court is AFFIRMED.