967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brett Allan ZIMMERMAN, Defendant-Appellant.
 No. 91-30218.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided June 11, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and LEVI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Brett Allen Zimmerman challenges the denial of a discovery request and the refusal to reduce his offense level because he was a minor participant. We affirm the district court.
 
 
 4
 I. Denial of Discovery Request.
 
 
 5
 Zimmerman's primary contention on appeal is that the district court erred in denying his discovery request for information regarding internal policies related to drug prosecutions and prosecution of other defendants charged with similar crimes.[1] He asserts that, in the absence of this information, he was unable to show that the government violated his due process rights. Zimmerman relies primarily on United States v. Redondo-Lemos, 754 F.Supp. 1401 (D.Ariz.1990), in which the district court imposed a sentence below the statutory mandatory minimum because it concluded the government was discriminating in its prosecution of similar defendants. After Zimmerman's brief was filed, the Ninth Circuit reversed the Redondo-Lemos district court and held that unless a prosecutor makes charging decisions in a way that violates the equal protection clause, the prosecutor's discretion is not reviewable. United States v. Redondo-Lemos, 955 F.2d 1296 (9th Cir.1992); see also United States v. Nance, No. 30193, slip op. 4131, 4139 (9th Cir. April 16, 1992).
 
 
 6
 In order to raise a claim of selective prosecution in violation of the equal protection clause, the defendant "must present enough evidence to demonstrate a reasonable inference of discriminatory treatment." Redondo-Lemos, 955 F.2d at 1302. Once such evidence has been presented, the government must rebut the prima facie case. If the rebuttal is unsuccessful, then, "in rare instances" there may be discovery of "certain prosecution case files ... by opposing counsel." Id. at 1303.
 
 
 7
 Under this analysis, Zimmerman is not entitled to discovery of prosecution case files unless he has raised a reasonable inference of discrimination. There was no evidence of discrimination presented to the district court. In the absence of such evidence, Zimmerman was not entitled to discovery of prosecution files. The same analysis applies to discovery of internal policies affecting the prosecution of drug cases. Unless prosecution decisions are made on the basis of factors that violate equal protection guarantees, such decisions are not reviewable, regardless of the existence of internal policies.
 
 
 8
 Zimmerman makes several other arguments relating to his discovery motion, all of which lack merit. He alludes vaguely to misinformation on which the district court relied in sentencing him, but does not allege what that misinformation was. He also points to a dispute in the evidence as to how much cocaine was involved in the purchase. The pre-sentence report and the government suggested that Zimmerman should be sentenced for the purchase of two kilos. Zimmerman pleaded to possession with intent to distribute over 500 grams of cocaine. The district court sentenced him for possession of one kilo, which carries the same sentence as 500 grams. Because the district court gave Zimmerman the benefit of the lower amount, which carries the same sentence as the minimum amount to which he pleaded, he suffered no harm from any doubt as to the amount of cocaine involved in the transaction.
 
 
 9
 II. Requested Reduction for Minor Participant Status.
 
 
 10
 Zimmerman also argues that the district court committed clear error in denying him an offense level reduction because he was a minor or minimal participant in the cocaine sale. We disagree.
 
 
 11
 "[M]erely being less culpable than one's co-participants does not automatically result in minor status." United States v. Andrus, 925 F.2d 335, 338 (9th Cir.1991). An adjustment for a defendant's role in the offense is only available to a defendant who is "substantially less culpable than the average participant." United States Sentencing Commission, Guidelines Manual, § 3B1.2, comment. A defendant seeking a reduction for minor participant status bears the burden of establishing this status by a preponderance of the evidence.
 
 
 12
 The district court found that while each of the defendants "played different roles, there was not a significant difference in their culpability." Zimmerman argues that he should have received the minor participant deduction because he had no financial interest in the sale, and had no involvement beyond making the introduction and accompanying the buyer to the sale. Even assuming Zimmerman's role was less culpable than that of the buyer, the district court was not clearly erroneous in denying Zimmerman minor participant status. He was the link that made the sale a possibility, and he chose to attend the transaction while armed with a handgun. These facts show sufficient involvement to support the district court's finding that he was not a minor participant.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Zimmerman also argues for the first time on appeal that he needed discovery of the requested materials so he could determine whether the Regional Organized Crime and Narcotics Task Force had prosecution guidelines consistent with those of the United States Attorney. As this argument was not raised below, we will not consider it for the first time on appeal. See Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987)