972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William L. ECHOLS, Plaintiff-Appellant,
v.
YUKON TELEPHONE COMPANY, INC.; the National Exchange
Carrier Association, Inc.; the Board of Directors of the
National Exchange Carrier Association, Inc., individually
and as members, Defendants-Appellees.
 No. 91-35953.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
 Decided Aug. 20, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William L. Echols appeals pro se the Fed.R.Civ.P. 12(b)(6) dismissal of his action against Yukon Telephone Company (Yukon), the National Exchange Carrier Association, Inc. (NECA), and the NECA Board of Directors (Board). Echols claimed below that he was wrongfully terminated and falsely arrested. On appeal, he contends that the district court erred by finding that (1) he did not state a claim under the Norris-LaGuardia Act, 29 U.S.C. §§ 105, 106, and 108, the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, or the Clayton Act, 15 U.S.C. §§ 12-27; (2) it lacked diversity jurisdiction to consider state law claims; and (3) the Board did not have the capacity to be sued. Echols also contends that the district court should have considered his claims under federal common law, and that it violated his constitutional rights by refusing to order discovery before dismissing the action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the dismissal of an action for failure to state a claim. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.1991) (per curiam), amended, 962 F.2d 866 (9th Cir.1992). We must accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Id. Dismissal is appropriate only if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id.
 
 
 4
 The Norris-LaGuardia Act, which limits injunctive interference with labor union activities, does not apply to Echols's case. See 29 U.S.C. §§ 101-15. Accordingly, we affirm the dismissal of Echols's first, second, and third causes of action.
 
 
 5
 Echols did not state an antitrust claim. See Les Shockley Racing, Inc. v. National Hot Rod Ass'n, 884 F.2d 504, 507 (9th Cir.1989) (to state a claim under section 1 of the Sherman Act, the plaintiff must allege an agreement or conspiracy to restrain competition); Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir.1988) (four-year statute of limitations, 15 U.S.C. § 15b, runs from commission of act by defendant). Accordingly, we affirm the dismissal of Echols's fourth cause of action.
 
 
 6
 In Echols's complaint he alleged that he was a resident of Alaska, Yukon's principal place of business was in Alaska, NECA's principal place of business was in New Jersey, and the Board chairman's residence and principal place of business were in Arizona. We therefore affirm the district court's finding that it lacked diversity jurisdiction to consider any state law claims. See 28 U.S.C. § 1332(a)(1) (requirement that action be between citizens of different states).
 
 
 7
 We also affirm the district court's finding that the Board did not have the capacity to be sued. See Fed.R.Civ.P. 17(b); Alaska Stat. § 10.06.010(2) (corporation, not board of directors, has power to sue or be sued).
 
 
 8
 Because Echols did not raise a claim under federal common law below, the district court properly did not consider any such claim. See Jovanovich v. United States, 813 F.2d 1035, 1037-38 (9th Cir.1987) (this court generally will not address arguments raised for the first time on appeal).
 
 
 9
 Finally, if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, then the district court may dismiss the action based on the complaint alone. See Fed.R.Civ.P. 12(b); Klarfeld, 944 F.2d at 585. Accordingly, the district court did not err by refusing to order discovery.
 
 
 10
 The district court properly found that Echols's employment agreement is not enforceable in federal court. We therefore AFFIRM the dismissal of the action.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3