993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Coddie WALLACE, Jr., Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 92-55649.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided May 6, 1993.
 
 Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wallace pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him to 135 months incarceration. After sentencing, Wallace moved under 28 U.S.C. § 2255 to vacate his sentence on the grounds that his guilty plea was rendered involuntary by the ineffective assistance of counsel. The district court denied his motion. We affirm.
 
 
 3
 A guilty plea is valid where "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Id. (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Additionally, a plea will not be considered involuntary unless the defendant can show that he or she was prejudiced by counsel's errors. Id. (citing Strickland v. Washington, 466 U.S. 668 (1984)). "[T]o satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.
 
 
 4
 Wallace has failed to show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Wallace argues that he was coerced into pleading guilty because his counsel represented to him that if the case proceeded to trial the prosecution would seek a life sentence. The representation that Wallace faced a possible life sentence was not erroneous. The statutory maximum for a violation of 21 U.S.C. § 841(a)(1) was life imprisonment. Moreover, had Wallace proceeded to trial and been convicted of all counts alleged against him, he faced a minimum sentence of 292 months incarceration. As Wallace was fifty-eight years old at the time of sentencing, his counsel was obliged to inform him that he faced the possibility of spending the rest of his life in prison if convicted. We cannot conclude from the record before us that in making those statements counsel acted outside the "wide range of professionally competent assistance." Strickland, 466 U.S. at 690.
 
 
 5
 Wallace also argues, in essence, that counsel's advice to plead guilty was "outside the range of competence" because there was insufficient evidence to support the charges against him. Wallace specifically contends that the facts alleged in the presentence report, if proven, would have been insufficient to support a conviction of conspiracy. We disagree. Wallace does not question the fact that his codefendants were engaged in a conspiracy to possess cocaine with the intent to distribute. Instead, he claims that the allegations in the presentence report were insufficient to link him to the conspiracy. The presentence report alleges, however, Wallace was present on a crucial day in the negotiations between the conspirators and the undercover agents. He was introduced to one agent as a partner in the conspiracy. He discussed the transaction with the agent, informing the agent that Robert Woods, a conspirator, had advised Wallace not to bring the money into the hotel room. Wallace was later observed waiting in a car outside the site of a meeting between another agent and Barnes, also a conspirator. Barnes indicated to the agent that the car contained the money that was to be used to purchase the drugs. Barnes introduced the agent to Wallace and another occupant of the car, whereupon the occupants indicated that they had seen police in the area and departed. Finally, Wallace was present at the apartment of another conspirator during the execution of a search warrant and was found to be armed with a loaded revolver. Even if the government could prove no facts other than these, a rational jury could find beyond a reasonable doubt that Wallace was a member of the conspiracy. We conclude that Wallace has not overcome the strong presumption that, under the circumstances, the attorney's advice to plead guilty was a sound strategic decision. See Strickland, 466 U.S. at 690-91.
 
 
 6
 Wallace further argues that counsel (1) failed to investigate the charges against him thoroughly, potentially overlooking exculpatory evidence and (2) coerced him into pleading guilty by threatening to withdraw as counsel if he did not. Wallace did not raise either of these arguments before the district court and thus cannot raise them on appeal. See Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987). In any event, neither argument has merit. Wallace has not identified any evidence that would have been discovered with further investigation, see Hill, 474 U.S at 58, nor has he presented any evidence that he was coerced into pleading guilty. In fact, the contention that he was coerced is belied by his responses in his colloquy with the district court. In short, we cannot conclude that Wallace was denied the effective assistance of counsel. Instead, we conclude that his plea was voluntary, and the district court's denial of the motion to vacate his sentence was proper.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3