24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Colvin McCRIGHT, Petitioner-Appellant,
v.
Daniel B. VASQUEZ, Warden, Respondent-Appellee.
 No. 93-16361.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 25, 1994.*
Decided May 5, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Colvin McCright, a California state prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action. McCright contends that the district court erred when it dismissed his complaint which alleged that he was deprived of property without due process of law. We affirm.
 
 
 3
 McCright claims that San Quentin employees, contrary to state regulations, failed to inform him of the property restrictions at Folsom before he was transferred there, and he was forced to forfeit several items of personal property as a result of that omission.
 
 Negligent Deprivation of Property
 
 4
 As long as a deprivation of property is random and unauthorized, and a remedy exists under state law, the negligent deprivation of property fails to state a section 1983 claim. See Zinermon v. Burch, 494 U.S. 113, 128-29 (1990).
 
 
 5
 The California Department of Corrections accepts liability for the loss or destruction of inmate personal property when such loss or destruction results from employee negligence. Cal.Code Regs. title xv, Sec. 3193(b). Thus, a state law remedy exists for property deprivations occurring in California state prisons. Because McCright's in forma pauperis complaint fails to state any arguable basis in fact to support a section 1983 action, the district court did not abuse its discretion by dismissing it before service of process pursuant to 28 U.S.C. Sec. 1915(d). See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989). See also Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 Non-Negligent Deprivation of Property
 
 6
 McCright claims for the first time on appeal that the deprivation of property was not a random and unauthorized act, but a result of a de facto policy at San Quentin, citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). Absent exceptional circumstances, inapplicable here, this court will not address issues raised for the first time on appeal. See Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987).
 
 Collateral Estoppel
 
 7
 The district court dismissed McCright's claim as legally frivolous under 28 U.S.C. Sec. 1915(d) on the alternative ground that McCright was collaterally estopped from raising the same issue in a section 1983 action which had been adversely determined against him in state habeas proceedings. McCright did not address this ground for decision on appeal.
 
 
 8
 The decision of a state habeas proceeding has collateral estoppel effect, precluding an identical issue from being relitigated in a subsequent section 1983 action, if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards. Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.1993) (per curiam).
 
 Conclusion
 
 9
 The district court's order of dismissal is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3