37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Luis RUIZ-ALVAREZ, aka: Martin Ruiz Alvarez,
Defendant-Appellant.
 No. 93-50650.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Oct. 5, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruiz-Alvarez appeals his conviction and sentence for illegal re-entry into the United States after three prior deportations and three prior convictions (two aggravated felonies and one non-aggravated felony) in violation of 8 U.S.C. Sec. 1326(b)(1). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 3
 Ruiz-Alvarez pled guilty without challenging his conviction before the district court. We will nevertheless review his arguments because claims that "the applicable statute is unconstitutional or that the indictment fails to state an offense are jurisdictional claims not waived by" Ruiz-Alvarez's guilty plea. United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989) (internal quotation and citation omitted). Ruiz-Alvarez contends that his conviction should be reversed because (1) Sec. 1326 is unconstitutionally vague, (2) Sec. 1326 impermissibly punishes a status offense, and (3) the indictment failed to allege that Ruiz-Alvarez intended to violate the law. Each of Ruiz-Alvarez's challenges to his conviction is foreclosed by our decision in United States v. Ayala, No. 93-50771 slip op. 10757 (9th Cir. Sept. 9, 1994).
 
 
 4
 Ruiz-Alvarez also failed to object to his sentence before the district court. Ruiz-Alvarez's challenge to his sentence does not arise from a change in law, and it raises issues of fact (relating to equitable estoppel) in addition to issues of law. We would review his sentence only if such review were necessary to "prevent a miscarriage of justice or to preserve the integrity of the judicial process." Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987). It is not. Even if we were to consider his argument that the government should be estopped from seeking a sentence in excess of two years, we would reject it on the basis of United States v. Ullyses-Salazar, No. 93-50144, slip op. 6543, (9th Cir. June 20, 1994).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3