54 F.3d 786
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Briseno ZUNIGA, Defendant-Appellant.
 No. 94-30137.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1995.*
Decided May 10, 1995.
 
 Before: WRIGHT, FERGUSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Briseno Zuniga appeals from his conviction following a jury trial on charges of, inter alia, conspiracy to distribute cocaine, possession of cocaine with intent to distribute, and distribution of cocaine in violation of 21 U.S.C. Secs. 841 and 846. Zuniga contends that the district court erred by denying his motion for funds for a bilingual investigator pursuant to 18 U.S.C. 3006A(e). He further contends that his conviction should be dismissed, because the government's investigatory activities were so outrageous as to violate due process. We reject both contentions and affirm.
 
 
 3
 In order to succeed on his argument that the district court abused its discretion by failing to provide funds for an investigator, Zuniga must show that a reasonable counsel would have "required" the investigative services and that the denial of the request prevented him from receiving effective assistance of counsel under the Sixth Amendment. United States v. Smith, 893 F.2d 1573, 1580 (9th Cir. 1990). "Prejudice must be shown with clear and convincing evidence." United States v. Becerra, 992 F.2d 960, 965 (9th Cir. 1993). Even if a reasonable counsel would have hired an investigator in order to compensate for language barriers, Zuniga has failed to show that the district court's denial prevented him from receiving effective assistance of counsel. Zuniga had the opportunity at trial to extensively cross-examine Reed and also to testify about his lack of knowledge of any drug-related activities. In light of these opportunities as well as the significant amount of evidence linking him to the drug transactions, he failed to show "a reasonable probability that ... the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 4
 Zuniga's failure to raise his second argument below prevents us from deciding it on appeal. United States v. Smith, 924 F.2d 889, 893 (9th Cir. 1991). Although we have the discretion to consider Zuniga's argument because it alleges a violation of his constitutional rights, thereby questioning "the integrity of the judicial process," see Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir. 1987), we decline to do so because of the inadequacy of the factual record on the agreement between the government and Reed. See United States v. Slaughter, 891 F.2d 691, 696 (9th Cir. 1989) ("The claim of governmental outrageous conduct involves a difficult area of law. ... Ultimately, each case must be resolved on its own facts"). In this case, for example, it is unclear whether Reed's fees were predicated upon the convictions of Garcia and Zuniga or were merely coincidentally contemporaneous to the completion of successful drug transactions. See United States v. Shelton, 588 F.2d 1242, 1246 (9th Cir. 1978), cert. denied, 442 U.S. 909 (1979) ("Informant fees are neither unlawful nor unduly prejudicial per se").
 
 
 5
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3