89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rose BOYLES, aka: Rose E. Boyles; Euranye Mince; Rose D.
Mincey, Defendant-Appellant.
 No. 95-50461.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1996.
Decided June 27, 1996.
 
 1
 Before: WIGGINS, THOMPSON, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Rose Boyles was convicted of mail fraud, false claims, false statements, and use of a false social security number. She was sentenced to 33 months and ordered to pay $83,288 restitution to the Post Office. She argues for the first time on appeal that:
 
 
 4
 1) the district court lacked statutory authority to order restitution to the Post Office; 2) the court improperly ordered restitution for losses that were not directly caused by the conduct underlying her counts of conviction; and 3) the court miscalculated Boyles's offense level under the fraud and deceit Guideline, U.S.S.G. § 2F1.1.
 
 
 5
 We have discretion to decide an issue first raised on appeal: 1) when review is necessary to prevent a miscarriage of justice; 2) when a change in law raises a new issue while an appeal is pending; 3) when the issue raised is purely legal, Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987), or 4) to correct plain error, United States v. Olano, 113 S.Ct. 1770, 1778 (1993).
 
 
 6
 Boyle's first argument--that the Federal Employee's Compensation Act (FECA) "preempts" the Postal Service's claim for restitution--is purely legal. We choose not to use our discretion to reach this issue, which is, in any event, meritless. See United States v. Salcedo-Lopez, 907 F.2d 97, 99 n. 2 (9th Cir.1990) ("When the government loses money as the direct result of an offense, it is as entitled to restitution as any other victim of an offense.").
 
 
 7
 The basic thrust of the latter two arguments is Boyle's contention that the specific conduct underlying her convictions did not proximately cause the vast bulk of the losses for which she has been held accountable for purposes of deciding both restitution and the length of her sentence under the Guidelines. Causation is a question of fact. United States v. Rice, 38 F.3d 1536, 1542 (9th Cir.1994).
 
 
 8
 We review these fact-based arguments raised for the first time on appeal for plain error, i.e., errors that are both obvious and prejudicial. United States v. Olano, 113 S.Ct. 1770, 1778 (1993). This court should exercise its discretion to correct plain errors where error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (citations and quotation marks omitted).
 
 
 9
 It was not plain error for the district court to order restitution in the amount suggested by the PSR--an amount which went uncontested at sentencing. See, e.g., United States v. Grewel, 825 F.2d 220, 223 (9th Cir.1987) (refusing to reach Grewel's argument--raised for first time on appeal--that district court had imposed restitution under the now-repealed Federal Probation Act in an amount greater than the loss his victims had suffered); see also United States v. Patty, 992 F.2d 1045, 1051 n. 5 (10th Cir.1993) (under plain error rule, court will not hear fact-based restitution arguments raised for first time on appeal).
 
 
 10
 Similarly, it was not plain error for the district court to base Boyle's Guideline sentence on the PSR's calculation that she had caused a loss of greater than $83,000, justifying a six-level increase in offense level. This conclusion is buttressed by the fact that, in the Defendant's Sentencing Memorandum, the defense itself agreed that this increase for amount of loss was appropriate. Cf. United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990) (appellant waived right to challenge two-level increase for obstructing justice by agreeing to adjustment and failing to raise issue to district court), cert. denied, 502 U.S. 969 (1991).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3