Arnold DORSEY, aka Engelbert Humperdinck, Plaintiff–Appellee,

v.

Darryl PAYNE, an individual; Classic World Productions, an organization unknown, Defendants–Appellants,

and

Jeffrey Kranzdorf, an individual; Greg McDonald, an individual; Ian Merrick, an individual; Qualiton Imports Ltd., an organization unknown; Joseph William Valenziano, an individual; Music Marketeers, Inc., a Louisiana Corporation; Planet Entertainment Corp., an organization unknown, Defendants.

No. 01–55363.
D.C. No. CV–99–09733–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided Aug. 6, 2002.

---

Before LAY,* CANBY and PAEZ, Circuit Judges.

### MEMORANDUM **

Darryl Payne and Classic World Productions, Inc. (defendants) appeal from a default judgment entered in the district court. We hold the district court abused its discretion by refusing to grant a continuance to the defendants when their counsel withdrew several days before trial. We vacate the default judgment and reverse and remand for a plenary trial.

### *Facts*

Arnold Dorsey performs under the stage name "Engelbert Humperdinck." Darryl Payne is the owner of Classic World Productions, Inc. On October 18, 1999, Dorsey sued Payne and Classic World, as well as Ian Merrick and Awesome Force Co., Ltd. Dorsey alleged that beginning in December 1997, Payne, Classic World, and Merrick unlawfully manufactured, sold, and licensed to others audio reproductions of a recording of Dorsey's 1985 live concert at the Royal Albert Hall in London, England.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The defendants allege they acted pursuant to a signed agreement among the parties. The district court set a trial date of September 12, 2000.

The defendants were initially represented by their insurance provider, Scottsdale Insurance Company. In December 1999, Scottsdale retained counsel for defendants following its determination that Dorsey's action was potentially covered by the policy it had issued to defendants. Scottsdale continued to provide coverage until June 23, 2000, when it reversed its coverage decision for cause and gave notice to defendants and their trial counsel that it was withdrawing its defense effective July 8, 2000.

Following Scottsdale's notice of withdrawal, defendants' trial attorney sought guarantee of payment of fees from Payne and Classic World. On four occasions, counsel contacted Payne and requested he sign a fee contract or, in the alternative, consent to counsel's withdrawal as the attorney of record in the Dorsey action. Payne agreed to neither option and refused to pay any fees or expenses relating to the defense. On July 17, 2000, counsel filed an ex parte motion for a continuance to allow counsel to withdraw. The court denied the motion. In doing so, the court also commented it would not continue the trial *unless a party was not represented by counsel.* On August 10, 2000, counsel filed a noticed motion to withdraw. On September 7, 2000, the court held a hearing on the motion at which defendants did not appear, and on the same day granted the motion. The court found "considerable evidence" that defendants "did not deal forthrightly" with Scottsdale as justification for its decision. The court provided notice to defendants of the potential consequences of failing to retain new counsel. Payne stated to Dorsey's counsel that the trial could proceed as scheduled.

On September 12, defendants did not appear on the first day of trial. Attorney Richard Ivie appeared "specially" for defendants, stating he would represent them if the court would continue the trial. Ivie stated he had been contacted by Payne two days before trial. The court denied Ivie's request, and Ivie chose not to represent defendants. On September 14, 2000, Payne appeared on his own behalf and stated he would not represent himself for lack of legal training. That day, the court ordered defendants in default. On November 20, defendants moved the court to set aside its entry of default pursuant to Fed.R.Civ.P. 55(c). The court denied the motion without hearing on January 5, 2001, and subsequently entered a default judgment against the defendants. Defendants timely filed this appeal.

### Analysis

■ Payne and Classic World challenge the fundamental fairness of the court's decisions to allow their trial counsel to withdraw several days prior to trial and then deny their motion for a continuance. They assert they were lulled into a false sense of security concerning the availability of their counsel for trial by statements of counsel and, more importantly, by the court. On July 24, 2000, the court held a hearing on counsel's ex parte motion for a continuance to allow counsel time to withdraw. The court denied that motion. Counsel inquired into a possible hearing date for his upcoming motion to withdraw. The court responded, "I think it's very unlikely that I'm going to let you withdraw." Nonetheless, the court stated that a hearing would be held on September 6, 2000. When counsel noted that this date was only six days prior to trial, the court replied, "But [the motion is] not going to be granted." Notwithstanding these assurances, when the court considered the motion on Sep-

tember 7, 2000, it granted the motion, leaving defendants in the position of suddenly and without forewarning having no trial counsel only a few days before trial. These statements by the court could easily lull a layman into believing that his counsel's upcoming motion was a mere formality or, at a minimum, that the impending motion required no attention on his part. To later disregard these representations on the eve of trial, in the circumstances presented by this case, prejudiced defendants, who had no reason to second guess the court's original statements. We agree with the defendants that this "about face" by the trial court-which led directly to defendants' default-undermined the fundamental fairness of the proceedings. Thus, the district court abused its discretion by denying the motion for a continuance.

Dorsey asserts this argument fails on two grounds, neither of which we find persuasive. Dorsey asserts defendants were not present when the court made these statements; thus, they cannot rely on them now. We presume trial counsel, notwithstanding his desire to withdraw, adhered to his ethical obligation to keep his clients informed. *See* Model Rules of Professional Conduct 1.4(b) (1998) ("A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."). The court's statements were exceptionally relevant to Payne's ability to make informed decisions about representation. Although the court made its statements to trial counsel rather than to Payne, we hold it is not unreasonable for defendants to rely on those statements, in light of our presumption that counsel made them aware of the statements.

■ Dorsey also asserts defendants failed to raise this argument before the district court, even when they were represented by counsel. We do not normally consider issues raised for the first time on appeal. *United States v. Vonn*, 224 F.3d 1152, 1154 (9th Cir.2000), *overruled on other grounds*, —— U.S. ——, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir.1990). One exception to this rule, however, is "when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process." *Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir.1987). If this exception applies, we have discretion to address the issue. *See Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir.1985). As noted above, the district court's representations to the parties draw into question the fundamental fairness of the court's resolution of the case. Moreover, the question presented is one concerning representation, whereby defendants lost the assistance of trial counsel only days before trial. A party's ability to obtain representation, even in civil cases, is an issue intimately connected to the integrity of the judicial process. Thus, our consideration of the matter is important to preserve the integrity of the judicial process. The exception applies in this case and it is appropriate to exercise our discretion to consider the issue.

### *Conclusion*

The district court granted the several motions adverse to defendants on the belief that their present dilemma was the result of their own lack of diligence. In turn, the court took the position that it would not cause plaintiff Dorsey to suffer as a result of defendants' dilemma of their own making. We state no opinion on the question of whether defendants were guilty of misrepresentations to their insurance carrier or the merits of Payne's defense to the underlying action. Defendants, however, certainly were unaware of

the potential consequences of counsel's motion to withdraw-until it was too late at any rate-as a consequence of the court's representations. The court compounded its error by failing to continue the trial when Attorney Ivie requested it. This constituted an abuse of discretion. As a result, we vacate the entry of default judgment against the defendants. The district court shall provide the defendants a reasonable time in which to retain new counsel and appear at trial. The judgment of the district court is REVERSED, and the matter is REMANDED for further proceedings not inconsistent with this opinion.[1]

1. The court has before it motions to strike the defendants' brief and a motion to take judicial notice. In view of our disposition, the motions are denied.

