NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. CC-16-1100-DKiF |
| ADVANCED BIOMEDICAL, INC., | Bk. No. 14-15938-MW |
| Debtor. | Adv. Proc. No. 14-01275-MW |
| ADVANCED BIOMEDICAL, INC., | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| SPECIALTY LABORATORIES, INC., | |
| Appellee. | |

Argued and Submitted on November 17, 2016
at Pasadena, California

Filed - December 2, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Mark S. Wallace, Bankruptcy Judge, Presiding

Appearances:   Dixon Leon Gardner argued for Appellant; Timothy Carl Aires of Aires Law Firm argued for Appellee.

Before: DUNN,[2] KIRSCHER, and FARIS, Bankruptcy Judges.

---

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2]   Hon. Randall L. Dunn, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

Appellant Advanced Biomedical, Inc. ("ABI") appeals from a bankruptcy court judgment determining that, because ABI's accounts receivable ("Receivables") were assigned prepetition to Specialty Laboratories, Inc. ("SLI"), the Receivables were not property of ABI's chapter 11[3] bankruptcy estate.

We AFFIRM.

## I.  BACKGROUND

SLI sued ABI in the Superior Court ("Superior Court") of the State of California, County of Orange ("State Court Litigation"). The State Court Litigation was resolved on January 10, 2014, by the entry of a stipulated judgment ("State Court Judgment") in favor of SLI and against ABI in the amount of $227,386.99.  On January 15, 2014, SLI filed with the California Secretary of State a Notice of Judgment Lien against ABI.

When the State Court Judgment remained unsatisfied, SLI sought and obtained relief in the Superior Court pursuant to Cal. Civ. Proc. Code § 708.510 in the form of an "Assignment Order Re: Rights to Payment of Money Due or to Become Due" ("Assignment Order").  The Assignment Order provides in relevant part:

> IT IS HEREBY ORDERED that the interest, if any, of . . . [ABI] . . . in its rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from its activities as a provider of clinical laboratory services to physicians, clinics, hospitals, and other healthcare providers, whether standing in the name of "Advanced Biomedical Inc." or "Pathology Laboratory Services," and from or through any business entity or

---

[3]  Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

-2-

> person [with] which they are affiliated . . . is assigned to [SLI] . . . to the extent necessary to satisfy the judgment entered in this action in full, which as of September 3, 2014, is $242,320.07.

The Assignment Order was entered in the State Court Litigation on September 25, 2014.

On October 1, 2014, ABI filed a voluntary Chapter 11 petition. On October 14, 2014, SLI commenced an adversary proceeding by filing a complaint ("Complaint"), amended on January 8, 2015, against ABI. The Complaint sought a determination that the Receivables were not property of ABI's bankruptcy estate.[4]

Although the record on appeal does not include a copy of ABI's answer to the Complaint, ABI's amended trial brief filed on November 6, 2015, asserted the following theories in opposition to the Complaint:

- SLI has no right to enforce the Assignment Order. Under this theory, ABI (1) disputes that under Cal. Civ. Proc. Code § 708.510 the Assignment Order constitutes an absolute assignment of the Receivables to SLI; (2) asserts that the Assignment Order is not enforceable because (a) the IRS held a first priority lien in the Receivables at the time the Assignment Order was entered and because the IRS never received notice of the proceedings that resulted in the entry of the Assignment Order; (b) SLI never gave notice of it to "anyone who owes money to [ABI]"; (c) SLI never gave a written demand to ABI to turn over the proceeds of the

---

[4] As alternative relief, the Complaint sought a determination that SLI was a judgment lien creditor with a security interest in the Receivables.

-3-

Receivables; (d) SLI failed to follow proper procedures to enforce the Assignment Order; and (e) SLI's proof of claim filed in the bankruptcy case admits that the Assignment Order is not part of SLI's claim.

- SLI failed to include debtor's other secured creditors and obligors in the adversary proceeding with the result that the bankruptcy court cannot decide the priority and extent of SLI's lien.

- Assignment orders against debtors-in-possession are disfavored as a matter of Ninth Circuit law.

- SLI filed the adversary proceeding in bad faith.

ABI's post-trial brief filed on November 25, 2015, restated its arguments that under California law, the Assignment Order is ineffective to transfer title of ABI's Receivables to SLI.

The bankruptcy court tried the issues raised in the Complaint on November 20, 2015. Three days after the trial, ABI's counsel contacted a Bankruptcy Specialist at the Internal Revenue Service ("IRS"). Shortly thereafter, the United States of America, on behalf of its agency, the IRS, moved to intervene in the Adversary Proceeding. The bankruptcy court granted the motion and authorized the IRS to file a post-trial brief to address the issue of whether the Assignment Order was effective where recorded IRS tax liens existed at the time the Assignment Order was entered. ABI joined in the IRS's post-trial brief, and incorporated into that joinder a "response," in which ABI for the first time asserted that any levy by SLI against the Receivables under the Assignment Order constituted both a preferential transfer and a violation of the absolute priority rule.

-4-

The bankruptcy court entered its Memorandum Decision and Order ("Decision") on March 22, 2016, in which it determined that the Assignment Order effected an absolute transfer of ABI's interest in the Receivables to SLI, such that SLI became the owner of the Receivables not later than September 25, 2014. The Decision was followed by entry of judgment in favor of SLI on March 31, 2016. ABI filed a timely Notice of Appeal on April 13, 2016.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Whether the bankruptcy court erred when it determined that the Assignment Order, entered pursuant to Cal. Code of Civ. Proc. § 708.510, was an absolute assignment.

Whether the bankruptcy court erred when it determined that the Assignment Order was effective to transfer to SLI, prepetition, ABI's interest in the Receivables, such that the Receivables were not property of ABI's bankruptcy estate.

## IV. STANDARDS OF REVIEW

We review a bankruptcy court's legal conclusions and application of state law de novo. Circle K Corp. v. Collins (In re Circle K Corp.), 98 F.3d 484, 486 (9th Cir. 1996); Hopkins v. Cerchione (In re Cerchione), 414 B.R. 540, 545 (9th Cir. BAP 2009).

///
///

-5-

## V. DISCUSSION

**A. The Scope of This Appeal is Limited to Matters Considered by the Bankruptcy Court.**

This panel generally will not consider a claim or issue that was not properly raised in the bankruptcy court. Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.), 773 F.3d 990, 998 (9th Cir. 2014); Hasse v. Rainsdon (In re Pringle), 495 B.R. 447, 453 n.2 (9th Cir. BAP 2013).

Citing Jovanich v. United States, 813 F.2d 1035, 1037 (9th Cir. 1987), ABI includes in its opening brief arguments that it concedes "were not raised in the pleadings, at trial, and the post-trial" proceedings, asserting that our consideration of those arguments is "needed to prevent a miscarriage of justice and to preserve the integrity of the judicial process." ABI's Opening Brief at 11:6-9. However, as stated in Jovanich, the Ninth Circuit has permitted "only narrow and discretionary exceptions to the general rule against considering issues for the first time on appeal." 813 F.2d at 1037. Specifically, new issues are considered "(1) when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change in law raises a new issue while an appeal is pending, and (3) when the issue is purely one of law." Id. Under more recent case law, the Ninth Circuit recognizes four exceptions which authorize an appellate court to exercise its discretion to reach issues otherwise waived in the trial court:

> - Exceptional circumstances explain why the issue was not raised in the trial court;

-6-

- New issues have become relevant while the appeal was pending because of a change in the law;

- The issue presented was purely legal and the opposing party will not be prejudiced by the failure to raise the issue in the district court; or

- Plain error has occurred and the issue must be addressed to avoid an injustice.

See Kaass Law v. Wells Fargo Bank, N.A., 799 F.3d 1290, 1293 (9th Cir. 2015).

ABI's Opening Brief is replete with arguments not presented to the bankruptcy court, including that (1) the Assignment Order violated due process under the 5th and 14th Amendments of the U.S. Constitution, (2) transfer of title to the Receivables to SLI without the IRS's consent and before its priority tax liens were paid in full constitutes a conversion pursuant to Cal. Civ. Proc. Code § 701.040, and (3) the Assignment Order is avoidable as a preference pursuant to § 547 of the Bankruptcy Code. We decline ABI's invitation to consider new issues in this appeal.

"[W]e will not reframe an appeal to review what would be in effect a different case than the one decided by the [trial] court." Baccei v. United States, 632 F.3d 1140, 1149 (9th Cir. 2011). Further, an issue merely alluded to or raised in passing at the trial court level, such as the preference issue raised in ABI's joinder to the IRS's post-trial brief, is not necessarily preserved for appeal. See Conservation NW v. Sherman, 715 F.3d 1181, 1188 (9th Cir. 2013). Here, the preference issue was buried in a brief authorized by the bankruptcy court solely on the issue of whether the existence of IRS tax liens precluded the

Assignment Order from becoming effective as a matter of law.[5]

**B.    The Receivables Are Not Property of ABI's Bankruptcy Estate.**

When ABI filed its bankruptcy petition, all of its legal or equitable interests in property held on that date became property of its bankruptcy estate. See § 541. In this appeal, the ultimate issue is whether the Assignment Order served to divest ABI of title to the Receivables before the bankruptcy case was commenced. The existence and scope of ABI's interest in the Receivables is determined under California state law. See Butner v. United States, 440 U.S. 48, 54 (1979).

**1.    The Assignment Order Effectively Transferred Title to the Receivables to SLI.**

Cal. Civ. Proc. Code § 708.510 provides the relevant statutory authority for disposition of this appeal:

> **Assignment of right to payments; service of notice; factors considered in ordering assignment; amount assigned**
>
> (a) Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, **the court may order the judgment debtor to assign to the judgment creditor** . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments . . .
>
> . . .
>
> (d) A right to payment may be assigned pursuant to this article only to the extent necessary to satisfy the

---

[5] Further, subsequent to filing the instant appeal, ABI commenced an adversary proceeding in the bankruptcy court seeking to avoid the Assignment Order as a preferential transfer. SLI filed a motion to dismiss the complaint, inter alia, because it argues that the preference claim was a compulsory counterclaim in the litigation which resulted in the judgment upon which this appeal is based. The proceedings on these issues are ongoing in the bankruptcy court.

money judgment.

. . .

(Emphasis added.)

The bankruptcy court determined that, on its face, the Assignment Order satisfied all of the requirements and prerequisites of Cal. Civ. Proc. Code § 708.501(a) and (d):

> The Assignment Order recites that it was issued in response to a noticed motion ("with proof of service having been made") brought by [SLI]. The [State Court] assigned to [SLI] all rights to payment due or to become due, but only to the extent necessary to satisfy the [State Court Judgment] of $242,320.07. No doubt exists that [SLI] is a "judgment creditor" within the meaning of section 708.510(a).

Decision at 6:3-7.

Further, the bankruptcy court determined that a direct assignment of the Receivables by the Superior Court to SLI did not impact the validity of the assignment, despite the language of Cal. Civ. Proc. Code § 708.501(a), which appears to authorize the Superior Court only to "order the judgment debtor to assign to the judgment creditor." In reaching this conclusion, the bankruptcy court relied on Weingarten Realty Investors v. Chiang, 212 Cal. App. 4th 163 (4th Dist. 2012). As noted by the bankruptcy court, in Weingarten, the California Court of Appeal found no defect in the assignment order before it which directly transferred property to a judgment creditor rather than merely ordering the judgment debtor to transfer the property.

We agree that, by its terms, the Assignment Order transferred title to the Receivables to SLI as authorized by Cal. Civ. Proc. Code § 708.510, and that the direct assignment is valid under California law.

However, ABI asserts the Assignment Order was not effective to transfer title based on the language of Cal. Civ. Proc. Code § 708.530, which provides:

> (a) Except as provided in subdivision (b), the effect and priority of an assignment ordered pursuant to this article is governed by Section 955.1 of the Civil Code. For the purpose of priority, an assignee of a right to payment pursuant to this article shall be deemed to be a bona fide assignee for value under the terms of Section 955.1 of the Civil Code.

Cal. Civil Code § 955.1 provides:

> (a) Except as provided in Sections 954.5 and 955 and subject to subdivisions (b) and (c), a transfer other than one intended to create a security interest pursuant to paragraph (1) or (3) of subdivision (a) of Section 9109 of the Commercial Code, of any payment intangible, as defined in Section 9102 of the Commercial Code, and any transfer of accounts, chattel paper, payment intangibles, or promissory notes excluded from the coverage of Division 9 of the Commercial Code by paragraph (4) of subdivision (d) of Section 9109 of the Commercial Code shall be deemed perfected as against third persons upon there being executed and delivered to the transferee an assignment thereof in writing.
>
> (b) As between bona fide assignees of the same right for value without notice, the assignee first giving notice of the right to the obligor in writing has priority.
>
> (c) The assignment is not, of itself, notice to the obligor so as to invalidate any payments made by the obligor to the transferor.
>
> . . .

ABI contends that taken together these two statutes establish that the transfer under the Assignment Order is only "perfected" in the assignee as a creditor, not as an owner. We disagree. An assignee is not a creditor for purposes of these statutes. By its terms, Cal. Civ. Proc. Code § 708.530 provides that SLI is "deemed an assignee for value." Cal. Civil Code § 955.1 merely establishes SLI's rights with respect to third

-10-

parties. Specifically, by giving notice to an obligor, SLI could obtain priority over subsequent assignees.

As further support for its contention that there was no absolute assignment of the Receivables, ABI points out that there was no mechanism in the Assignment Order to assign back to ABI rights to collect the Receivables once the underlying judgment debt had been satisfied. ABI argues that the absence of a reassignment mechanism establishes there was no absolute transfer in the first instance. However, there was no need for the Assignment Order to establish a reassignment mechanism. The existence of Cal. Civ. Proc. Code § 708.560, which provides a statutory mechanism for reassignment, defeats this argument. Cal. Civ. Proc. Code § 708.560 provides:

> (a) Either the judgment creditor or the judgment debtor may apply to the court on noticed motion for an order to modify or set aside the assignment order. The notice of motion shall be served on the other party. Service shall be made personally or by mail.

> (b) The court shall make an order modifying or setting aside the assignment order upon a showing that there has been a material change in circumstances since the time of the previous hearing on the assignment order. The court may order a reassignment of the right to payments as necessary. The order shall state whether and to what extent it applies to payments already made.

The bankruptcy court did not err when it determined that title to the Receivables was transferred to SLI prepetition. As such, the Receivables did not become property of ABI's bankruptcy estate.

**2.    The Assignment Order is Not Void.**

Notwithstanding that the Assignment Order was entered as authorized pursuant to Cal. Civ. Proc. Code § 708.510 and expressly transfers the Receivables to SLI, ABI contends that a

-11-

number of "infirmities" nevertheless render the Assignment Order void. In addressing these varied arguments, we begin with the premise that

> The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738.

Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995) (internal citations omitted). ABI did not appeal the Assignment Order, so for purposes of the current dispute, it is final.

First, ABI asserts that the Assignment Order violates bankruptcy policies and purposes. Specifically, ABI contends that the purpose of bankruptcy is to rehabilitate debtors successfully and to maximize the value of the bankruptcy estate, and that bankruptcy courts are required to preserve a level playing field for all parties. ABI's argument in this regard suggests that, in determining that the Assignment Order effectively transferred ABI's interest in the Receivables, the bankruptcy court violated this purpose and has increased rather than minimized litigation in the bankruptcy case because the bankruptcy court's Decision "forces [ABI] to file an adversary proceeding to recover the Receivables under [§ 547] as a preferential transfer." Opening Brief at 20:17-18. Nothing in the Bankruptcy Code or case law supports ABI's contention that, as a matter of policy, a bankruptcy court must determine an order void so that a party does not need to litigate whether that order

-12-

is avoidable as a preferential transfer.

Second, ABI asserts that the Assignment Order is void because it violates California law. Citing Global Money Mgmt. v. McDonnold, 2009 WL 3352574 *3 (S.D. Cal. Oct. 15, 2009), ABI contends that the Assignment Order is not enforceable. ABI asserts that the California court could not affect title to property in another state even with personal jurisdiction over the property's owner. ABI asserts that Global Money Mgmt. stands for the proposition that "a California Superior Court has personal jurisdiction over a non-resident defendant who owns property outside of California, because **there is no change of title to property under any assignment order issued under [Cal. Civ. Proc. Code] § 708.510.**" Opening Brief at 23:18-24:10 (emphasis added). By this argument ABI appears to contend that to the extent the Receivables were owed by persons or entities outside of California, the California court had no jurisdiction to assign them to SLI. The error in this argument stems from ABI's misapprehension of the nature of the Assignment Order. What was assigned to SLI was ABI's "rights to payment of money due or to become due." Nothing in the Assignment Order purports to impact the rights of any person or entity obligated to pay. See Cal. Civ. Proc. Code § 708.540 ("The rights of an obligor are not affected by an order assigning the right to payment until notice of the order is received by the obligor. For purposes of this section, 'obligor' means the person who is obligated to make payments to the judgment debtor or who may become obligated to make payments to the judgment debtor depending upon future developments."). Further, as stated by the bankruptcy court,

-13-

> The mere fact that [the Assignment Order] may not be effective against a particular obligor (or even all obligors) because of lack of notice to them does not alter the effectiveness of the [Assignment Order] against [ABI].

Decision at 10:23-26. We observe, as did the bankruptcy court, that Cal. Civ. Proc. Code § 708.510 contains no condition precedent that obligors receive notice prior to the issuance of the Assignment Order.

Third, ABI asserts that the Assignment Order is void because the IRS did not receive notice of the proceedings under Cal. Civ. Proc. Code § 708.510. As stated by the bankruptcy court, "[N]othing in the language of the Assignment Order mentions the IRS or in any way affects or purports to affect the IRS's rights." Decision at 9:28-10:1. Nothing in Cal. Civ. Proc. Code § 708.510 requires that lien creditors receive notice prior to the issuance of the Assignment Order. This is not surprising, because an assignee takes property subject to existing liens. Moreover, 26 U.S.C. § 7425 preserves the IRS's liens in the context of the Assignment Order.

Notwithstanding our discussion of ABI's contentions that the Assignment Order is void, we restate that the Assignment Order is a final order entered in the State Court Litigation that ABI did not appeal. ABI's challenges to the validity of the Assignment Order therefore constitute nothing more than an impermissible collateral attack on the Assignment Order.

**3.    The Bankruptcy Court's Judgment is Not Void.**

ABI asserts that the bankruptcy court's judgment itself is void, because "bankruptcy law disfavors levies and assignments."

-14-

ABI cites to cases[6] which hold that a bankruptcy court does not enforce a levy against property of the bankruptcy estate. While true, it is a principle inapplicable in the context of this appeal. There has been no attempt to levy in the bankruptcy court. The Assignment Order was entered before the bankruptcy petition was filed, and the bankruptcy court determined that the Receivables were not property of the bankruptcy estate for the reasons cited above.

## VI. CONCLUSION

The Assignment Order was effective to transfer title to the Receivables to SLI prior to the commencement of the bankruptcy case. Therefore, the Receivables never became property of ABI's bankruptcy estate. We AFFIRM the judgment of the bankruptcy court.

We deny ABI's request that in the event we affirm the judgment we require the bankruptcy court to consider issues relating to the value of the Receivables, the impact of the IRS's liens on SLI's rights in the Receivables, and the impact on SLI's rights in the Receivables to the extent obligors are not California residents as not properly within the scope of issues before the Panel to decide in this appeal. Such issues may or may not have to be decided by the bankruptcy court in further proceedings in ABI's bankruptcy case.

---

[6] Priestly v. Hilliard & Tabor (In re Argonaut Shoe Co.), 187 F. 784 (9th Cir. 1911); Grant v. Burns (In re Am. Elec. Tel. Co.), 211 F. 88 (7th Cir. 1914); and NVLAND, Inc. v. Vogel (In re Ocean Downs Racing Ass'n, Inc.), 164 B.R. 249 (Bankr. D. Md. 1993).

-15-