FILED

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30223 |
| Plaintiff - Appellant, | D.C. No. 2:03-cr-00142-RHW-1 |
| v. | |
| GINO GONZAGA RODRIQUEZ, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted April 5, 2010
Seattle, Washington

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

The Government appeals the district court's sentencing for Gino

Rodriquez's conviction under 18 U.S.C. § 922(g)(1), felon in possession of a

firearm, wherein the court found that Rodriquez's criminal history did not subject

him to a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 924 ("ACCA"). The Government argues that the court committed reversible error when it failed to consider Rodriquez's 1986 California conviction in determining whether Rodriquez had been previously convicted of three drug-related crimes punishable by ten or more years imprisonment. *See* 18 U.S.C. § 924.

The Government concedes that it failed to raise the California conviction at sentencing and raises it now, for the first time, on appeal. Such a failure should normally result in waiver. However, because the issue before us is purely a question of law, we may exercise our discretion and rule on the matter. *Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir. 1987); *see also United States v. DeSalvo*, 41 F.3d 505, 510–11 (9th Cir. 1994). Exercising our discretion, we vacate the imposed sentence but decline to rule on the matter. Instead, we remand this case for resentencing before the district court, which should have had an opportunity to rule on this matter.

At sentencing, the district court must determine whether Rodriquez was convicted of a drug-related offense prior to his earliest Washington drug conviction. If so, Rodriquez's initial Washington conviction would be punishable by a ten-year term of imprisonment. *See* Wash. Rev. Code §§ 9A.20.021(c); 69.50.401; 69.50.408. As a result, Rodriquez would have three previous

convictions for serious drug offenses and must be sentenced to serve a mandatory minimum sentence of 15 years. *See* 18 U.S.C. § 924(e).

VACATED and REMANDED.