**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30108 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00142-RHW-1 |
| v. | |
| GINO GONZAGA RODRIQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted February 8, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

Gino Rodriquez appeals the sentence imposed at a third sentencing for his
2004 jury conviction of being a felon in possession of a firearm in violation of 18
U.S.C. § 922(g)(1). *See United States v. Rodriquez*, 553 U.S. 377 (2008). When
the case was most recently before us, the government argued for the first time on

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

appeal that Rodriquez's 1986 California conviction for being under the influence of cocaine and heroin qualified as a prior drug offense within the meaning of the Washington State recidivist statute. The government said that Rodriquez's criminal record, therefore, subjected him to the fifteen-year minimum sentence under the federal Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e). We remanded for the district court to consider this argument in the first instance. *United States v. Rodriquez*, 376 F. App'x 748 (9th Cir. 2010).

Rodriquez now appeals from the district court's ruling that his 1986 conviction falls under Washington's recidivist statute and, therefore, all of his three 1995 Washington convictions for delivering a controlled substance were "serious drug offenses" under ACCA. The district court sentenced Rodriquez to the fifteen-year minimum required by that statute. *See* 18 U.S.C. § 924(e).

The district court did not err. On its face, Washington's recidivist statute applies whenever the defendant has a prior conviction "under any statute of the United States or of any state relating to narcotic drugs . . . ." Wash. Rev. Code § 69.50.408. Rodriquez primarily argues that his 1986 California conviction should not count because it was only a misdemeanor involving conduct that would not be criminal in Washington. Even if this is true, however, the California conviction "relate[s] to narcotic drugs" and is included by the plain language of

Washington's recidivist statute. *See id.* Because of the prior California conviction, each of Rodriquez's three 1995 Washington convictions was subject to a maximum term of imprisonment of ten years. *See* Wash. Rev. Code §§ 69.50.401, 69.50.408, 9A.20.021(1)(c). This means that they were "serious drug crimes" under ACCA and triggered the fifteen-year minimum. 18 U.S.C. § 924(e).

**AFFIRMED**.